**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MATTHEW EDWARD MCCORMICK,       )
                                )
            Petitioner,          )
                                )
        v.                       )       1:13CV505
                                )
LAFAYETTE HALL,                  )
                                )
            Respondent.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On January 25, 2006, Petitioner pled guilty in the Superior Court of Guilford County to two counts of trafficking in heroin and one count of conspiracy to traffic in heroin in cases 05 CRS 68753 through 68755. (Docket Entry 5, Ex. 1; see also Docket Entry 1, ¶¶ 1, 2, 4-6.) The trial court consolidated the two trafficking counts and sentenced Petitioner to two consecutive terms of 90 to 117 months' imprisonment. (Docket Entry 5, Ex. 2; see also Docket Entry 1, ¶ 3.) Petitioner did not pursue a direct appeal. (See Docket Entry 1, ¶¶ 8, 9(a) - (f).)

Petitioner did file, with the assistance of counsel, a motion for appropriate relief ("MAR") with the state trial court (Docket Entry 5, Ex. 3; see also Docket Entry 1, ¶ 11(a)), which his counsel dated as signed on January 17, 2007 (Docket Entry 5, Ex. 3 at 5),[1] and which the trial court accepted as filed on January 22,

---

[1] For attachments to Respondent's memorandum in support of his Motion to Dismiss, pin citations refer to the page number in the footer appended to said
(continued...)

2007 (Docket Entry 5, Ex. 3 at 2; see also Docket Entry 1, ¶ 11(a)(3)).  The trial court held an evidentiary hearing on December 15, 2008 (Docket Entry 5, Ex. 4; see also Docket Entry 1, ¶ 11(a)(6)),[2] but denied the MAR by order dated and filed December 23, 2008 (Docket Entry 5, Ex. 5; see also Docket Entry 1, ¶ 11(a)(7), (8)).  Petitioner sought review of that denial by filing a certiorari petition, through counsel, in the North Carolina Court of Appeals (Docket Entry 5, Ex. 6; see also Docket Entry 1 at 5-6),[3] which his counsel signed as submitted on March 8, 2009 (Docket Entry 5, Ex. 6 at 8),[4] and which that court accepted as filed on April 8, 2009 (id. at 2).  The Court of Appeals denied that petition on April 27, 2009.  (Docket Entry 5, Ex. 8; see also Docket Entry 1 at 6.)

Subsequently, Petitioner filed a pro se habeas corpus petition with the state trial court (Docket Entry 5, Ex. 9), which he dated as signed on March 3, 2010 (id. at 16), and which the trial court accepted as filed on May 27, 2010 (id. at 2).  The trial court

---

[1](...continued)
document by the CM/ECF system.

[2] Petitioner, his trial counsel, his girlfriend and his mother testified at that hearing.  (Docket Entry 5, Ex. 4.)

[3] For attachments to the Petition, as well as portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[4] Although Petitioner's counsel dated the signature page March 8, 2009 (see Docket Entry 5, Ex. 6 at 8), the verification page reflects a date of April 8, 2009 (see id. at 9).  Given the date the Court of Appeals file-stamped the document, April 8, 2009 (see id. at 2), the March 8th date likely constitutes a typographical error.

summarily denied that petition by order dated and filed August 10, 2010.  (Docket Entry 5, Ex. 10.)

Thereafter, Petitioner filed pro se a second MAR with the state trial court (Docket Entry 5, Ex. 11; see also Docket Entry 1 at 6), which he dated as signed on September 26, 2012 (Docket Entry 5, Ex. 11 at 9), and which that court accepted as filed on October 3, 2012 (id. at 2; see also Docket Entry 1 at 6).  The trial court summarily denied that motion on October 19, 2012.  (Docket Entry 5, Ex. 12; see also Docket Entry 1 at 6.)  Petitioner sought review of that MAR's denial by filing a petition for certiorari with the North Carolina Court of Appeals (Docket Entry 5, Ex. 13; see also Docket Entry 1 at 6), which he dated as submitted on December 21, 2012 (Docket Entry 5, Ex. 13 at 9), and which that court accepted as filed on January 10, 2013 (id. at 2).  On January 29, 2013, the Court of Appeals denied that petition.  (Docket Entry 5, Ex. 15.)  Petitioner then filed a pro se certiorari petition with the North Carolina Supreme Court (Docket Entry 5, Ex. 16; see also Docket Entry 1 at 6), which he dated as submitted on February 7, 2013 (Docket Entry 5, Ex. 16 at 6-7),[5] and which that court accepted as filed on February 11, 2013 (id. at 2).  On April 11, 2013, that court dismissed said petition.  (Docket Entry 1 at 6, 16.)

Petitioner thereafter submitted his instant Petition to this Court (Docket Entry 1), which he dated as mailed on June 17, 2013 (id. at 14), and which the Court stamped as filed on June 26, 2013

---

[5] Petitioner mistakenly identified the year as 2012 rather than 2013.  (See Docket Entry 5, Ex. 16 at 6-7.)

(id. at 1).[6]  Respondent then moved to dismiss the Petition on statute of limitation grounds.  (Docket Entry 4.)  Petitioner responded in opposition.  (Docket Entries 9, 10.)  For the reasons that follow, the Court should grant Respondent's instant Motion.

## **Petitioner's Claims**

Petitioner purports to raise two claims for relief in his Petition.  First, he alleges that he received ineffective assistance of counsel in that his trial counsel failed "to file a notice of appeal from the denial of [Petitioner's] pre-trial 'Motion to Suppress.'"  (Docket Entry 1 at 5.)  Second, he claims that "[d]efense counsel failed to file a notice of appeal to review the trial court's denial of Petitioner's Motion to Suppress."  (Id. at 6.)  Phrased as such, Petitioner's second ground for relief thus appears to effectively restate the claim in his first ground for relief.

## **Discussion**

In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced.  In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:

---

[6] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on June 17, 2013, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities.  (See Docket Entry 1 at 14.)

-4-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

Because subparagraphs (B), (C), or (D) of § 2244(d)(1) do not apply in this case, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

As Respondent has asserted (Docket Entry 5 at 3), and Petitioner has not disputed (see Docket Entries 9, 10), Petitioner's convictions became final on February 8, 2006, 14 days after the trial court entered judgment, assuming arguendo that he had the right to appeal the denial of his motion to suppress. See N.C. R. App. P., Rule 4(a)(2) (appeal rights expire 14 days after the trial court enters judgment.) The limitations period then ran

-5-

for 348 days until January 22, 2007, when Petitioner filed his first MAR.  (See Docket Entry 5, Ex. 3.)  The limitations period remained tolled until April 27, 2009, when the North Carolina Court of Appeals denied Petitioner's certiorari petition seeking review of his MAR's denial.  (See Docket Entry 5, Ex. 8.)  The one-year period then recommenced and ran for 17 more days until it expired on May 14, 2009, over four years before Petitioner brought this action under § 2254.

Petitioner did make certain additional state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)," Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  Petitioner, however, did not make any further collateral filings in the state courts until May 27, 2010, over one year after his time to file a federal habeas claim had already expired.  State filings made after the federal limitations period has passed do not restart or revive the filing period.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner does not dispute the foregoing time-line, but his Petition does advance a reason why he believes the Court should consider the Petition despite its untimeliness.  (Docket Entry 1, ¶ 18.)  In other words, the Petition requests equitable tolling, which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010).  Equitable

tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner contends the Court should excuse his late filing because "Petitioner and his family were under the impression that defense counsel Joe Williams had given notice of appeal from the denial of [Petitioner's] 'Motion to Suppress,' in light of the fact that there was no stipulation in the plea agreement that Petitioner would relinquish his rights to appeal the denial of the 'Motion to Suppress' in exchange for the plea agreement." (Docket Entry 1, ¶ 18; see also Docket Entry 10 at 3-7.) Petitioner asserts that "his delay in filing [the instant] Petition . . . is a direct result of the state's action in denying Petitioner his direct appeal from the denial of his 'Motion to Suppress' as mandated by the provisions of N.C. Gen. [Stat.] § 15A-977, as well as the direct result of Ineffective Assistance of Counsel under the Sixth and Fourteenth Amendments to the United States Constitution." (Docket Entry 10 at 3.) This argument lacks merit.

Even assuming Petitioner's counsel advised Petitioner that he would file a notice of appeal as to the denial of Petitioner's motion to suppress, and then failed to do so,[7] Petitioner's assertion of an ineffective assistance of counsel claim related to

---

[7] Petitioner raised this same claim, with the assistance of different counsel, in his first MAR. (Docket Entry 5, Ex. 3 at 3-4, 6.) The trial court, after an evidentiary hearing at which Petitioner, his trial counsel, his mother and his girlfriend testified, rejected that claim. (Docket Entry 5, Exs. 4, 5.)

this subject in his first MAR filed on January 22, 2007, confirms that he knew his trial counsel had not appealed by at least that date. (See Docket Entry 5, Ex. 3 at 3-4, 6.) Petitioner fails to show how his trial counsel's alleged failing somehow prevented Petitioner from filing the instant Petition in a timely manner after he became aware that his trial counsel had not filed the appeal. Indeed, as shown above, Petitioner allowed more than a year to pass between the conclusion of his first round of collateral attack in the state courts on April 27, 2009, and his institution of further collateral proceedings in state court on May 27, 2010. In other words, well after Petitioner knew that his trial counsel did not give notice of appeal, Petitioner dissipated an amount of time that exceeded the one-year period for instituting this action in this Court. Petitioner thus has demonstrated neither that he exercised the requisite diligence in the pursuit of his rights, nor that the circumstance of his attorney's alleged failing "prevented timely filing," Holland, 560 U.S. at 649.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 4) be granted, that the Petition (Docket Entry 1) be dismissed, and that this action be dismissed.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

March 27, 2014